THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, BALDOMERO FREYRE, JUDGE, Respondent; EDUARDO VEGA ORTIZ, Intervener.

No. C-66-64.     Decided February 23, 1967.

J. B. *Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for petitioner. *E. Armstrong de Watlington, Edna Abruña Rodríguez,* and *Enrique Miranda Merced* for intervener.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On February 4, 1963 the Prosecuting Attorney of the Superior Court, San Juan Part, filed five informations against Eduardo Vega Ortiz for burglary, a felony, cases Nos. G-63-84, 85, 86 and 87 and for the offense of grand larceny, also a felony, No. G-63-88. After he was arraigned April 30, 1963 was set for the hearings. On this date the defendant informed he did not have legal assistance, an attorney was designated for him, at the request of the defense a panel of experts was appointed to determine whether defendant was in condition to be prosecuted, and the hearing was postponed for June 6, 1963. The defendant was subsequently set free on bail.

On June 6 the defendant did not appear. He was confined in the Psychiatric Hospital. The hearing was set for the following July 22. On this date defendant did not appear either and the court was informed that he was in prison. A new hearing was set for October 29, 1963. This hearing was postponed for November 20, 1963 because the evidence for the People was not available. On November 20 the question on the mental capacity of defendant to be prosecuted was argued and after listening to the medical experts the court determined that he was mentally fit to stand trial. At the request of the defense the trial was postponed for January 24, 1964 and subsequently, also at the defendant's request, for the following February 24. The court appointed additional attorneys for defendant in case his counsel could not be present at that hearing. Defendant did not appear on February 24, a warrant for his arrest for contempt was issued and the trial was postponed for April 17, 1964. He did not appear on this date either and the trial was set for May 14, 1964. When the case was called for trial the Marshal informed that defendant was in the United States. His bail was ordered confiscated and June 25, 1964 was again set for trial. Defendant did not appear either and the court ordered that the witnesses should not be summoned until he was located. On this last date, June 25, the court entered an order declaring Eduardo Vega Ortiz fugitive from justice, ordered the clerk's office to issue requisitions with several bench warrants to be delivered to the Police Superintendent and declared interrupted any term which could be invoked by defendant pursuant to any provisions of Rule 64 of the Rules of Criminal Procedure. There is no further showing in the record until October 22, 1965 when the prosecutor informed the court that defendant was in a penitentiary in the State of New York serving five years; that it would not be until 1966 that the Parole Board would consider his

case and that the maximum of the sentence would not expire until September 13, 1969. That such information was being forwarded to the Prosecuting Attorney's Office so that a requisition be issued for extradition of defendant.

Another hearing was set for December 22, 1965. On November 2, 1965, the Prosecuting Attorney, Mr. José C. Aponte, Chief of the Division on Criminal Investigations and Matters, wrote to Mr. Daniel E. López Pritchard, Court Administrator requesting information as to whether the court wished that, by means of extradition, defendant's arrest and return to Puerto Rico be ordered. He requested certified copies of the informations filed, of the order declaring defendant fugitive from justice as well as of the bench warrant issued. On November 18, 1965 the copies of the documents requested by Prosecuting Attorney Mr. Aponte were sent to him.

On December 22, 1965 the court entered the following judgment:

### "Judgment

"This case having been called for trial today, the court declares interrupted the prescription terms in this case, orders the dismissal thereof without prejudice that the Prosecuting Attorney reinstate the case if defendant's extradition is obtained."

This is the judgment we decided to review by certiorari.

The Solicitor General sustains that the court was not empowered to enter the preceding judgment, and he is correct. Rule 64(n) of the Rules of Criminal Procedure of 1963 provides that an information will be dismissed unless good cause is shown for the delay or unless the delay to submit the case to trial is due to defendant's motion or his consent, in the following cases: (1) That the defendant was detained in jail during thirty days after his arrest without any information or complaint having been filed against him.

(2) That no information or complaint was filed against the defendant within sixty days after his arrest or summon. (3) That the defendant was detained in jail for a total period of sixty days after the filing of the information or complaint without being brought to trial. (4) That the defendant was not brought to trial within 120 days after the filing of the complaint or information.

■ This motion to dismiss is a remedy which can only be granted at defendant's request and, unless requested, it is considered waived.—Rule 63—This Rule 63 provides that a motion to dismiss based on the provisions of Rule 64 (n) (3) or (4) shall be filed before the case is called for trial. Rule 67 prescribes that a dismissal granted on any of the grounds enumerated in Rule 64 (n) is no bar to another prosecution for the same offense, except in cases of misdemeanor.

■ The record does not show the existence of a situation under Rule 64 (n), and even though the court sought to act under it, the record would evidently show the presence of good cause for any delay. Likewise the court did not have power to authorize the interruption of prescription terms. Although the order of June 25, 1964 declaring defendant fugitive from justice mentions as interrupted any term invoked by the defendant pursuant to the provisions of Rule 64, the judgment object of this petition does not specify which prescription the court refers to. If it refers to that of Rule 64 (n), it was unnecessary to so provide because once the dismissal of the information is ordered, the new prosecution for the same offense is begun, if a felony. If it is a misdemeanor the dismissal definitively precludes new prosecution.—Rule 67—If we consider that the judgment refers to the prescription of § 78 of the Penal Code for the prosecution of felonies like the ones herein involved, there was no power at law to order its interruption. See: *People* v. *Lugo*, 58 P.R.R. 185 (1941), where we established that the prescrip-

tive term of three years of § 78 of the Penal Code for the exercise of the criminal action in felony cases is not interrupted by the arrests performed for the purpose of another or other informations for the same offense which were dismissed because the trial was not held within the statutory term. In *People* v. *Superior Court*, 84 P.R.R. 22 (1961), we ratified the preceding rule.

In the light of said cases the court could not order the interruption of any prescription term whatsoever even though it made permissible the filing of new informations. The wrongful acts were committed according to the informations on September 8 and 21 and October 9, 1962. Even though the judgment appealed from of December 22, 1965 prevailed, this defendant could not be charged anew with the same offenses and prosecuted because of the prescription term of three years.

■ Let us see whether the trial court had authority to act pursuant to Rule 247. Paragraph (a) of this Rule provides that the Secretary of Justice or the prosecuting attorney may, subject to the approval of the court, dismiss an information with respect to all or to some of the defendants and the prosecutions shall thereupon terminate. In its paragraph (b) it provides that the court may, either *of its own motion* or upon the application of the prosecuting attorney and *in furtherance of justice,* order an action on an information or complaint to be dismissed. But in such cases the reasons of the dismissal must be set forth in an order which shall be attached to the record of the case. Paragraph (d) of Rule 247 states that the dismissal provided for in this Rule shall be a bar to another prosecution for the same facts.

Whatever the substance of the concept "in furtherance of justice" may be, the court did not set forth in its judgment

the reasons for the dismissal as required by said Rule, and we ignore what it had in mind.

The court declared defendant fugitive from justice.[1]

The Uniform Act for the Procedure of Extradition of Persons Charged with Crime, Act No. 4 of May 24, 1960 provides in its § 5 that when it is desired to have returned to the Commonwealth of Puerto Rico a person charged therein with a crime, and such person is imprisoned—as in the case at bar—or is held under criminal proceedings then pending against him in another state, the Governor may agree with the Executive Authority of that state for the extradition of such person before the conclusion of such proceedings or his term of sentence in such state, upon condition that such person be returned to that state at the expense of the Commonwealth as soon as the prosecution in this jurisdiction is terminated.

Pursuant to § 3 of said Uniform Act, the procedure for extradition requires among other things, that the demand to the Governor be accompanied by a copy of the information, together with a copy of any warrant of arrest or commitment issued or by a copy of a judgment of conviction. The information must substantially charge the person demanded with having committed a crime under the law of that state and said information must be authenticated by the Executive Authority making the demand.

The trial court was informed that defendant herein was serving time in a penal institution in the State of New York and that a demand for extradition was sought so that upon the completion of his term or at any time he was out of the penitentiary he would be placed at the dis-

---

[1] Neither our present procedure nor the previous Code of Criminal Procedure define as such what a fugitive from justice is, nor what elements should exist for a court to declare that some particular person is such a fugitive. There rather exists a concept, product of practice and experience, of who may be a fugitive from justice and where.

posal of our authorities. In spite of the fact that once a proceeding is initiated judicially it cannot be dismissed—nolle prosequi—by the Executive Power without the consent of the court, the responsibility of pursuing the public offense corresponds to the Executive Power. In this case the position assumed by the Executive Power was to extradite the defendant and insist on his prosecution. Once the informations were dismissed there would be no grounds for the procedure of extradition, particularly when any new information filed would have prescribed.

Since the grounds in furtherance of justice which the court might have had do not appear from the record, and in view of the fact that the prosecutor insisted on defendant's trial via his extradition, the judgment appealed from in view of Rule 247 of the Rules of Criminal Procedure cannot be sustained either.

The judgment entered by the Superior Court, San Juan Part, on December 22, 1965 dismissing these prosecutions will be vacated and it is ordered that they will remain in force for further proceedings compatible with the provisions of this opinion.